## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JEANETTE M. GARY,

     PLAINTIFF,

v.                                CASE NO.: CV-05-J-1647-S

MIKE HALE, in his official capacity as
Sheriff of Jefferson County, Alabama,

     DEFENDANT.

## MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 28), memorandum and evidence in support of said motion (doc. 29), the plaintiff's brief and evidence in opposition (docs. 30 and 31), and the defendant's reply (doc. 32). Having considered the pleadings, evidence and memoranda of the parties, the court finds as follows:

## I. Factual Background

Plaintiff sues her employer for violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981 and 42 U.S.C. § 1983 for race (black) and gender (female) discrimination and for retaliation because she has not been promoted. The plaintiff has been employed by the Jefferson County Sheriff's Department since 1977 as a deputy sheriff. Plaintiff depo. at 6-7. She complains that she has taken and passed the promotional test each time it has been offered since 1982 and never gotten a

promotion.  *Id*., at 12; plaintiff declaration, ¶¶ 2-3.  She has applied and interviewed for promotions to sergeant on five or six occasions.  Plaintiff declaration, ¶ 4.  She asserts she has the same training as other deputies who have been promoted.  Plaintiff depo. at 12-13.

In 2004, the plaintiff interviewed for vacancies for a sergeant position.  Plaintiff depo. at 15.  In June 2004 two other black women were promoted to two of these positions.[1]  *Id*., at 18-19.  Plaintiff still believes this was discriminatory because she had more training and experience than either of them.  *Id*., at 19-20.  In December 2004 no black woman other than plaintiff was interviewed for promotion to sergeant.[2]  *Id*.  She believes not receiving a promotion in January 2005 was discriminatory because she had seniority and more training than the men promoted.  *Id*.  The plaintiff knew the backgrounds of each of the four white males promoted in January 2005 because she trained them at the jail when she was there and saw them at the interviews.  *Id*., at 30.

Promotions are based on a scoring system.  *See* plaintiff's exhibit R.  The plaintiff asserts that the system is unfair due to answers her lieutenant gave about her.

_____

[1]In her response to the defendant's motion for summary judgment, the plaintiff states she has not stated any claim in regard to the June 2004 promotions.  Plaintiff's response at 14, n. 7.

[2]The plaintiff refers to this as both the December 2004 and the January 2005 promotion.  The same four positions were in question.  Apparently, the interviews were held in December 2004 and the announcement of who was to be promoted was made in January 2005.  For the sake of clarity, the court shall refer to these as the January 2005 promotions.

Plaintiff depo. at 21.  When asked if she thought his rankings of her were due to race, she responded, "I don't know."  *Id.*, at 22.  She speculated it could be due to her sex though, as he had just gone through a bad divorce.  *Id.*  She disagrees with her evaluation because it reflects that the lieutenant said her appearance was unimpressive.[3]  *Id.*, at 24.  Additionally, it reflected that the plaintiff has limited physical capacity, which she disagreed with because she has never refused to do any training.  *Id.*  She disagrees with the "occasionally absent" designation for attendance, and disagrees with the assessment that she "requires minimal help."  *Id.*, at 25-26.

The plaintiff asserts that she has had as much training as the males promoted, but they were allowed to work in other divisions and she was not.  Plaintiff depo. at 26-27.  She has not asked to be transferred to a different division since Sheriff Hale has been in office.[4]  *Id.*  In fact, the plaintiff has never spoken to Sheriff Hale about her employment.  *Id.*, at 28.

---

[3]Michael Lindon, from Internal Affairs, noted that the plaintiff was wearing a breast cancer survivor ribbon, did not have a name plate on her uniform, and had an American flag on her uniform.  Lindon depo. at 50.  Even with a supervisor's permission, this would not constitute proper uniform.  *Id.*, at 50-51.  At his deposition, Major Allen Farley noted that the plaintiff's shirt poked out when she stood up, but her shoes looked good and she was wearing her name plate.  Farley depo. at 83-84.  He questioned her about her breast cancer ribbon and asked "[i]s it part of a deputy's uniform?"  *Id.*, at 84-85.  He continued, "[i]f I were your supervisor, I would want you to only have on things that were issued by the sheriff's office, because some people get offended.  And some people don't know what it is ..."  *Id.*, at 85-86.

[4]Mike Hale was elected Sheriff of Jefferson County, Alabama in 2002.  He had also been Sheriff prior to that time.  Allen Farley depo. at 19-20.

The plaintiff filed an EEOC charge in February 2005 complaining that she did not receive a promotion to sergeant in June or December 2004.[5]  Plaintiff depo. at 34; plaintiff exhibit H.  She asserted that the failure to promote her was based on race and sex discrimination and retaliation.  The plaintiff believes she was not promoted in retaliation for grievances she  filed in 1981, which were in her personnel file.  Plaintiff depo. at 35, 37-38.  However, the plaintiff also admits that the other two black women promoted in June 2004 had previously complained of discrimination.  *Id*., at 37.  The plaintiff filed a grievance in 1989 which asserts other females, black and white,  received assignments plaintiff wanted.  Plaintiff's exhibit E.  She filed a grievance in 1991, asserting a white female received the assignment she had requested.  Plaintiff's exhibit F.  This grievance was denied, as job assignments were not grievable and the plaintiff had actually requested the assignment she held at the time.  Plaintiff exhibit F.  Unhappy with the response, the plaintiff filed an EEOC charge in 1992 based on not receiving the assignment, asserting she was being discriminated against based on race and sex.[6]  Plaintiff exhibit G.

---

[5]In this action, she also challenges not receiving a promotion in October 2005.  The plaintiff makes reference to an amended EEOC charge having been filed, but it has not been placed in evidence.  *See* plaintiff depo. at 42.

[6]No evidence concerning the outcome of this charge is before the court.

The four individuals promoted in January 2005 had the four highest rankings based on the point system used. *See* January 24, 2005, announcement to Sheriff Hale from Chief Deputy Atkinson, submitted as defendant Exhibit 6. The plaintiff was ranked fourteenth out of fifteen applicants. *Id; see also* plaintiff's exhibits S-U. The plaintiff asserts that the point system used by the defendant for filling vacancies has a disparate impact on blacks and females because it does not account for "the training you've had, the type of deputy you've presented yourself as, and also males have always been given advantage of advancing more in the Department than females and African-Americans." Plaintiff depo. at 38, 39. This is because there are always more white males promoted. *Id*., at 39. A black male was passed over for promotion at the same time she was. *Id*.

Sergeant vacancies are monitored by Internal Affairs. Allen Farley depo. at 30. The formula applied under the point system, devised by Internal Affairs, awards points for personnel files, immediate supervisor's evaluation and the promotion committee's evaluation. Costa depo. at 13-15; Lindon depo. at 23-24.[7] Michael Lindon was given the task of finding a way to measure employee performance and therefore created the point system which is based on performance. Lindon depo. at 23-24, 29-30. Internal Affairs receives a list of the those sitting for and passing the

---

[7]Michael Lindon is a sergeant in Internal Affairs whose job duties include hiring policies, promotional policies and vacancy policies. Lindon depo. at 7-8.

promotional examination given by the Jefferson County Personnel Board. Costa depo. at 26.

Lindon completed a review of the plaintiff's personnel file for the purpose of the January 2005 promotional interviews in December 2004. Plaintiff's exhibit O. He listed activity as it occurred in her file and concluded, "[a] review of Deputy Gary's file does not reveal a remarkable work record. I rate Deputy Gary as 65 (sixty five) for an overall interview score." Lindon depo. at 51-52; plaintiff's exhibit O.

The plaintiff also complains that she was not promoted to sergeant in October 2005, when four white males were promoted. Plaintiff depo. at 40; *see also* plaintiff's exhibits X and Y. She was again the only black woman to interview. Plaintiff depo. at 19. She believes she is equally or more qualified than each of the males promoted. Plaintiff depo. at 40-42. Therefore, she filed a second EEOC charge. *Id*., at 42. The plaintiff believes she did not receive the October 2005 promotion in retaliation for filing the February 2005 charge. *Id*., at 44. She bases this on being the only female interviewed and nothing being said directly to her. *Id*. She does not know if the individuals conducting the interviews knew of her prior EEOC charge, but thinks that they did. *Id*., at 45.

Major Allen Farley is in charge of the Bessemer cut-off division and serves on the promotion review board. Farley depo., at 21-22, 30-31. The Board meets and looks at the results of candidates' evaluations, calls candidates' supervisors with set

lists of questions, and interview the candidates.  *Id*., at 31-32.  The Chief Deputy, Jim Atkinson, is involved in the promotion process, as is Paul Costa, who is Chief of Corrections.  *Id.,* at 33; Atkinson depo. at 7; Costa depo. at 8.  Ed McGuffie, a lieutenant in Internal Affairs is also involved.  Farley depo. at 34.  They are all white males.  *Id*.,at 34-35.  They were each appointed to the promotions board by the Sheriff.[8]  *Id*.  These men conduct interviews, but the personnel files they have at the time of the interviews have already been graded by Internal Affairs.  *Id*., at 36-39; Atkinson depo. at 40-41; Costa depo. at 26.  The questions they ask of the candidates during the interview were given to them by Internal Affairs.  Costa depo. at 20.  The personnel files include grievances filed by the candidate as well as disciplinary actions against him or her.  Atkinson depo. at 45.  The interviewee's supervisor also gives a grade that they consider.  Farley depo. at 49-50; Atkinson depo. at 22, 41.

Plaintiff's evaluation was completed by her lieutenant, Jim Phillips, a white male.  Farley depo. at 54, 57.  According to Phillips, he was her immediate supervisor at the time.  Phillips depo. at 23.  He knew the evaluation was for purposes of promotion.  *Id*., at 22.  Most of her rankings on that evaluation were "acceptable."  Farley depo. at 56-63, 66-69, 71.  Phillips admits that some of the categories on the

---

[8]Each of these individuals is a political appointee and has held his current position since Sheriff Hale was elected in 2002.  Atkinson depo. at 7-8, Farley depo. at 18-20, Costa depo. at 7-8.

evaluation have nothing to do with plaintiff's actual duties.  Phillips depo. at 29.  He also stated that he does not rate anyone as "exceptional."  *Id.*, at 33-36, 43.

The names of the candidates to interview are provided by the Jefferson County Personnel Board.  Farley depo. at 79; Atkinson depo. at 38.  The plaintiff asserts she ranked fourth on the promotional examination when it was given in October 2003.  Plaintiff depo. at 13-15.  However, the Personnel Board provides the Sheriff's Department a list of names of those passing the examination, without any ranking or test scores.  Farley depo. at 79; Atkinson depo. at 38-39; defendant's answers to plaintiff interrogatories, at 5, submitted as defendant exhibit 7.

Atkinson has participated in the selection of at least two white males and one black female to sergeant.  Atkinson depo. at 11.   According to Costa, the jail sergeants are comprised of four white males, three black males, one white female and two black females.   Costa depo. at 10.  He was involved with the promotions to sergeant of three of the white males and the one white female at the jail.  *Id.*, at 10, 12.   Costa agrees that some division assignments are more likely to result in commendation letters than others.  Costa depo. at 15; *see also* Lindon depo. at 27, 35-36.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of  the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e).  In meeting this burden the nonmoving party "must do more than

simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The nonmovant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

## III.  Legal Analysis

The court must consider the evidence in the light most favorable to the plaintiff and may not make credibility determinations nor weigh the parties' evidence. *Frederick v. Sprint/United Management Co.* 246 F.3d 1305, 1311 (11th Cir.2001); *Stewart v. Booker T. Washington Ins*., 232 F.3d 844, 848 (11th Cir.2000). With these standards in mind, the court considers each of the plaintiff's claims.

### *Race and Gender Discrimination*

A plaintiff may prevail on an employment discrimination claim by either proving that intentional discrimination motivated the employer or producing sufficient evidence to allow a rational trier of fact to disbelieve the legitimate reason proffered by the employer, which permits, but does not compel, the trier of fact to find illegal discrimination. *Wilson v. B/E Aerospace, Inc*,. 376 F.3d 1079, 1088 (11th

Cir. 2004), citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48, 120 S.Ct. 2097, 2108-09, 147 L.Ed.2d 105 (2000).

Plaintiff asserts that the above facts constitute race and gender discrimination as well as retaliation.[9] As the court can find no direct evidence of discrimination, the court applies the analysis required for circumstantial evidence.  This court must apply the three prong test fashioned by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973).  *See also Texas Department of Community Affairs v. Burdine,* 450 U.S. 248; 252-253; 101 S.Ct. 1089, 1093-1094 (1981).  First, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp.,* 411 U.S. at 802, 93 S.Ct. at 1824. Establishment of a *prima facie* case creates a presumption that the employer unlawfully discriminated against the employee.  *Burdine*, 450 U.S. at 254, 101 S.Ct. at 1094; *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-1528 (11th Cir. 1997).  Assuming the employee meets this burden, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged discriminatory employment action. *Harris v. Shelby County Board of Education,* 99 F.3d 1078, 1083 (11th

_____

[9]Although plaintiff has stated these claims pursuant to 42 U.S.C. § 2000e *et seq*., 42 U.S.C. § 1981 and 42 U.S.C. § 1983, these statutes are all analyzed under the *McDonnell Douglas* framework, set forth above.  See e.g., *Standard v. A.B.E.L. Services, Inc.,* 161 F.3d 1318, 1330 (11th Cir.1998); *Peterson v. BMI Refractories,* 132 F.3d 1405, 1412 n. 13 (11th Cir.1998).

Cir.1996).    The  defendant  can  feasibly  present  such  strong  evidence  of  a  nondiscriminatory rationale that summary judgment is warranted. *Brown v. American Honda Motor Co., Inc.,* 939 F.2d 946, 950 (11th Cir.1991), *cert. denied,* 502 U.S. 1058 (1992)(quoting *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 596 (11th Cir.1987).

Once a defendant presents a legitimate, nondiscriminatory reason for its action, the presumption of discrimination drops from the case. *Burdine,* 450 U.S. at 255, 101 S.Ct. at 1094 and n. 10.  The plaintiff must then demonstrate by a preponderance of the evidence that the reason offered by the defendant was not the true reason for the employment decision, but rather a mere pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.  The focus of the case after the defendant meets its burden of production is on the defendant's subjective intent and the motivation behind the defendant's adverse employment action directed at plaintiff. *Harris*, 99 F.3d at 1083.

The plaintiff meets her prima facie burden of proof by establishing that (1) she is a member of a protected class; (2) she was qualified for and applied for the promotion; (3) she was rejected despite her qualifications; and (4) other equally or less qualified employees who were not members of the protected class were promoted. *Barrow v. Georgia Pacific Corp*. 144 Fed.Appx. 54, 58 (11th Cir.2005);

citing *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir.2000). *See also Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir.2004); *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1339 (11th Cir.2000).

The court has carefully read the plaintiff's and the defendant's evidentiary submissions.  For purposes of the pending motion only, the court assumes that the plaintiff meets the elements of her *prima facie* case.  As a black female, the plaintiff is a member of a protected class.  The parties do not dispute that she is qualified for and applied for the promotions in question, or that she was rejected.  Indeed, the defendant admits that the plaintiff was on the list of qualified applicants received from the Jefferson County Personnel Board each time.  While the court questions whether it has any evidence before it that others equally or less qualified received the promotions, the court assumes, for purposes of this motion only, that the plaintiff has met this burden with regard to the January 2005 and the October 2005 promotions.  Therefore the defendant must show a legitimate, nondiscriminatory reason for plaintiff's nonselection on both of these occasions.

For the January 2005 promotions, the defendant presented a legitimate, non-discriminatory reason for its actions.  It applied a point system based on a number of factors, and the plaintiff did not score well.  Although plaintiff has presented evidence

that the points awarded for her personnel file were improperly calculated,[10] a "plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race." *Alexander*, 207 F.3d at 1339.

The Eleventh Circuit Court of Appeals has explained:

> [A] plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where ... the reason is one that might motivate a reasonable employer. *Combs,* 106 F.3d at 1543. *See also Damon v. Fleming Supermarkets of Florida, Inc.,* 196 F.3d 1354, 1361 (11th Cir.1999) (emphasizing that courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision"); *Deines v. Texas Dept. of Protective and Regulatory Servs.,* 164 F.3d 277 (5th Cir.1999) (explaining that "it is not the function of the jury to scrutinize the employer's judgment as to who is best qualified to fill the position.... The single issue for the trier of fact is whether the employer's selection of a particular applicant over the plaintiff was motivated by discrimination.").

*Alexander,* 207 F.3d at 1339 -1340.  Although the plaintiff argues that others equally or less qualified than her received the promotions, she reaches this conclusion by challenging the point system used.  This is the same system under which other black

---

[10]The plaintiff raises for the first time in her response to the defendant's motion for summary judgment that the defendant failed to correctly score the plaintiff's personnel file and she was erroneously given two points rather than eight.  Plaintiff's response at 11.  The plaintiff does not argue that this was anything more than a mistake, that it was maliciously undertaken, or was based on her race or sex.   Furthermore, the plaintiff makes no allegation that proper calculation of her personnel file score would have changed her placement in the rankings.

females who filed grievances were promoted and white males who did not file grievances were not promoted.

The court's role is not to act as a super personnel department that second-guesses employers' business judgments. *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir.2000).   Because the defendant has set forth a legitimate, nondiscriminatory reason for its actions, the plaintiff must come forth with some evidence that such reasons were a mere pretext for discrimination. *Vessels v. Atlanta Indep. Sch. Sys.,* 408 F.3d 763, 771 (11th Cir.2005).  "To show that the employer's reasons were pretextual, the plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence.'" *Id.* (quoting *Cooper v. Southern Co.,* 390 F.3d 695, 725 (11th Cir.2004)).   The plaintiff must point to "concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext. Mere conclusory allegations and assertions will not suffice." *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081 (11th Cir.1990).

While the plaintiff complains that the evaluation forms provided to supervisors do not adequately ask about performance for her actual job duties, this is a factor that would equally prejudice all court services deputies, not just black female ones.

Similarly, the fact that deputies in some divisions are more likely to earn commendation letters than deputies in other divisions also equally prejudices all deputies not in the high commendation divisions.  The same is true for the other factors about which the plaintiff complains.   For example, pursuant to the point system, any court system or jail deputy would not have the opportunity to accrue points as easily as a patrol officer.

The court finds the facts simply do not support the plaintiff's allegation of gender or race discrimination.  Three members of the promotions board each reviewed the plaintiff's personnel file.  Plaintiff's exhibit O.  Farley rated the plaintiff as a 69, Atkinson rated her a 70, and Costa rated her as a 72 with the comment that her record "does not show the positive things needed for advancement at this time." Plaintiff's exhibit O.

The plaintiff has offered no more than speculation that her supervisor, Jim Phillips, may have something against women because he went through a nasty divorce.  She stated she did not know if his answers on her evaluation were due  to her race.  Plaintiff depo. at 22.  Similarly, the plaintiff offers speculation that because she was the sole black female to apply for promotion to sergeant for both the January and October 2005 promotions and she did not receive a promotion, it must be based on discriminatory reasons.   Such supposition does not rise to the level of

"weaknesses, implausibilities, inconsistencies, incoherencies or contradictions" such that "a reasonable factfinder could find them unworthy of credence."

The court must consider whether unlawful discriminatory animus motivated a challenged employment decision. *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1361 (11ᵗʰ Cir.1999). *See also Wilson*, 376 F.3d at 109. The court cannot find that the point system used discriminates based on race or gender. The plaintiff has not shown that black female deputies are denied promotional opportunities under the point system proportionally more than white male deputies, white female deputies, or black male deputies.[11]   Rather, the plaintiff has demonstrated only that she was not promoted on three occasions. Without some evidence that the point system is used to discriminate against protected classes of individuals, the factual record of this case would require the court to do nothing more than second-guess the defendant's business decision. "This kind of inquiry – whether a business decision is wise or nice or accurate – is precluded by *Damon* ..." *Rojas v. Florida*, 285 F.3d at 1339, 1344 (11ᵗʰ Cir. 2002). *See also Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11ᵗʰ Cir.1997) ("a plaintiff may not establish that an employers proffered

---

[11]Lindon testified that the Jefferson County Sheriff's Department has been trying to hire more women, but "you cannot find enough females, to be honest with you, to hire." Lindon depo. at 11.

17

reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where ... the reason is one that might motivate a reasonable employer").

Under the point system as applied, the plaintiff's score was the second to lowest of the fifteen candidates ranked. Those with the four highest rankings were offered the position vacancies. The plaintiff has not demonstrated that applying the same method to all sergeant promotions to achieve a uniform ranking has been used as a pretext for discrimination. The same is true for the October 2005 promotions, when plaintiff ranked fifteenth out of seventeen applicants.

Having considered the foregoing, and being of the opinion that the plaintiff has failed to demonstrate any genuine issue of material fact on her claims of race and sex discrimination, the court shall grant the defendant's motion for summary judgment on these claims by separate order.

## *Retaliation*

The plaintiff claims that she was not promoted in retaliation for her complaints of sex and gender discrimination. Under Title VII, the plaintiff does not have to prove the underlying claim of discrimination in order to establish a retaliation claim. *Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir.1999). To establish a prima facie case of retaliation for engaging in protected activity, the court must use the *McDonnell-*

*Douglas* burden shifting standard, discussed in detail, *supra*. The plaintiff must show that she (1) engaged in Title VII protected activity; (2) an adverse employment action occurred; and (3) a causal connection between the protected activity and the adverse employment action exists. *Sullivan v. National Railroad Passenger Corp*., 170 F.3d 1056, 1059 (11th Cir.1999); *see also Runyon*, 175 F.3d at 868, citing *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993).

While the filing of an EEOC complaint is clearly a protected activity, and the failure to promote is an adverse employment action, the plaintiff has failed to demonstrate any causal connection between the two.   To establish a causal connection, a plaintiff must show "that the protected activity and adverse action are not wholly unrelated." *Clover v. Total System Services, Inc.,* 176 F.3d 1346, 1354 (11th Cir.1999) (quoting *Simmons v. Camden County Bd. of Educ.,* 757 F.2d 1187, 1189 (11th Cir.1985)). This element is satisfied where the plaintiff provides "sufficient evidence that the decision-maker became aware of this protected conduct, and that there was close temporal proximity between this awareness and the adverse employment action." *Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1337 (11th Cir.1997).

The facts before the court demonstrate that the plaintiff was turned down for a promotion in June 2004 which two other black females who had previously

complained of discrimination received.  The plaintiff was again denied a promotion in January 2005.  These were both prior to her 2005 EEOC charge, and thus could not be in retaliation for it.  The plaintiff suggests that her prior grievances could be causally related to her failure to receive a promotion in 2004 or 2005.  However, Atkinson testified he did not even know that her prior grievances were based on allegations of sex and/or race discrimination.  Atkinson depo. at 46.  Plaintiff failed to establish that any of the decision makers themselves knew why the plaintiff had filed prior grievances.  "It is not enough for the plaintiff to show that someone in the organization knew of the protected expression; instead, the plaintiff must show that the person taking the adverse action was aware of the protected activity." *Bass v. Bd. of County Comm'rs,* 256 F.3d 1095, 1119 (11th Cir.2001).

Additionally, "[i]f there is a substantial delay between the protected expression and the adverse action in the absence of other evidence tending to show causation, the complaint of retaliation fails as a matter of law." *Higdon v. Jackson,* 393 F.3d 1211, 1220 (11th Cir.2004).  The court cannot find retaliation based on grievances filed no more recently than 1992, approximately thirteen years prior to the promotions in question.  This is especially true given that other black females who were promoted also filed claims of discrimination prior to their promotions.

As to the plaintiff's claim of retaliation concerning the October 2005 promotion, she does establish that she filed an EEOC charge claiming discrimination in February 2005, which she argues is in close temporal proximity to her failure to receive a promotion.  However, the plaintiff has still failed to present any evidence that the actual decision-makers were aware of her February 2005 protected activity.[12] Plaintiff depo. at 44; see *Bass,* 256 F.3d at 1119.  Rather, the plaintiff argues that "it is undisputed that as of January 2005, the selection committee members were aware of Gary's prior internal complaints..." from reviewing her personnel record in relation to the January 2005 promotions.  Plaintiff's response at 23.  As set forth above, the most recent of these grievances was thirteen years prior and at least one member of the promotion board did not know what the grievances concerned.  Given this undisputed evidence, the court cannot make the leap that there is a causal connection between the February 2005 EEOC charge and the failure to promote the plaintiff in October 2005.

The court finds no basis on which a reasonable juror could conclude that the defendant retaliated against the plaintiff for either filing grievances or filing EEOC

---

[12]Although each of the promotions board members' depositions were taken by the plaintiff, their knowledge of the 2005 EEOC charge was not a subject of inquiry.

charges.  As such, the court shall grant the defendant's motion for summary judgment on this claim by separate order.

## IV.  Conclusion

The court having considered the foregoing, and finding that the plaintiff has failed to establish any genuine issue of material fact on any of her claims sufficient to allow this case to proceed to trial, the court **ORDERS** that the defendant's motion for summary judgment is hereby **GRANTED**.   The plaintiff's claims   are **DISMISSED WITH PREJUDICE**.  Each party is to bear its own costs.

**DONE** and **ORDERED** this the 28th day of March 2006.

_____

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE